E599

**Giuliano McDonnell & Perrone, LLP**
**Joseph J. Perrone, Esq.**
**Ari S. Gatoff, Esq.**
**5 Penn Plaza, 23rd Floor**
**New York, New York 10001**
**Telephone: (646) 328-0120**
*Attorneys for Plaintiff*
*DE WELL CONTAINER SHIPPING, INC.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DE WELL CONTAINER SHIPPING, INC., <br><br> Plaintiff, <br><br> - against - <br><br> M/V ONE APUS *in rem*, CHIDORI SHIP HOLDING LLC, JESSICA SHIP HOLDING S.A., NYK SHIPMANAGEMENT PTE LTD., OCEAN NETWORK EXPRESS PTE LTD., HAPAG-LLOYD AKTIENGESELLCHAFT, and HMM CO., LTD. f/k/a HYUNDAI MERCHANT MARINE CO., LTD., <br><br> Defendants. | Case No.: <br><br><br> **COMPLAINT** |

Plaintiff DE WELL CONTAINER SHIPPING, INC. ("DE WELL") by and through its attorneys, Giuliano McDonnell & Perrone, LLP, as and for its complaint against defendants M/V ONE APUS *in rem*, CHIDORI SHIP HOLDING LLC, JESSICA SHIP HOLDING S.A., NYK SHIPMANAGEMENT PTE LTD., OCEAN NETWORK EXPRESS PTE LTD., HAPAG-LLOYD AKTIENGESELLCHAFT, and HMM CO., LTD. f/k/a HYUNDAI MERCHANT MARINE CO., LTD., allege upon information and belief:

## JURISDICTION, THE PARTIES, AND VENUE

1.     This is a case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. §1333, Rules 9(h) and 14(c) of the Federal Rules of Civil Procedure, and Rule 5 of the

E599

Supplemental Rules for Certain Admiralty and Maritime Claims, and within the supplemental jurisdiction of this court pursuant to 28 U.S.C. §1367.

2.     At all relevant times mentioned herein, Plaintiff DE WELL was and still is a corporation organized and existing under the laws of the State of New York with its principal place of business at One Cross Island Plaza, Suite #302, Rosedale, New York, 11422, and was and is engaged in the business as a non-vessel operating carrier ("NVOCC").

3.     At all relevant times mentioned herein, the *in rem* Defendant, M/V ONE APUS, was and is a commercial containership registered in Japan with Official Number 143426 and IMO No. 9806079 and was engaged in transporting goods by sea for hire.

4.     At all relevant times mentioned herein, CHIDORI SHIP HOLDING LLC. ("CHIDORI") was and is a foreign corporation registered in Japan with its principal place of business at 2-2-1 Kyobashi, Chuo-ku, Tokyo, Japan.

5.     At all relevant times mentioned herein, *in rem* Defendant M/V ONE APUS (the "Vessel"), was and is a Shipments ship owned by CHIDORI.

6.     At all relevant times mentioned herein, JESSICA SHIP HOLDING S.A., ("JESSICA") was and is a foreign corporation registered in the Republic of Panama with its principal place of business at 15th Floor, Banco General Tower, Aquilino De La Guardia Street, Marbella, Panama City, Republic of Panama.

7.     At all relevant times mentioned herein, the Vessel was and is bareboat chartered to JESSICA.

8.     At all relevant times mentioned herein, NYK SHIPMANAGEMENT PTE LTD., ("NYK"), was and is a foreign corporation registered in Singapore with its principal place of business at 1 HarbourFront Place, #15-01 HarbourFront Tower One, Singapore, 098633.

E599

9.      At all relevant times mentioned herein, NYK managed the Vessel.

10.      At all relevant times mentioned herein, OCEAN NETWORK EXPRESS PTE LTD., ("ONE") was and is a foreign corporation registered in Singapore with its principal place of business at 7 Straits View, #16-01 Marina One East Tower, Singapore, 018936.

11.      ONE has a United States subsidiary, Ocean Network Express (North America) Inc., with an office and principal place of business at 8730 Stony Point Parkway, Richmond, Virginia, 23235.

12.      At all relevant times mentioned herein, the Vessel was and is time chartered to ONE.

13.      At all relevant times mentioned herein, Defendant HAPAG-LLOYD AKTIENGESELLCHAFT ("HL") was and is a foreign corporation of the Federal Republic of Germany with its principal place of business Ballindamm 25, Hamburg, 20095, Germany.

14.      HL has a United States subsidiary, Hapag-Lloyd (America) LLC, with an office and principal place of business at 399 Hoes Lane, Piscataway, New Jersey, 08854.

15.      At all relevant times mentioned herein, Defendant HMM CO., LTD. f/k/a HYUNDAI MERCHANT MARINE CO., LTD ("HMM") was and is a foreign corporation registered in the Republic of Korea with its principal place of business at 194 Yulgok-ro, Jongno-gu, Seoul, Republic of Korea, 03127, and was and is engaged in the business as a slot charterer and vessel operating common carrier ("VOCC").

16.      HMM has a United States subsidiary, HMM AMERICA SHIPPING AGENCY, INC., with an office and principal place of business at 222 West Las Colinas Boulevard, Suite 700, Irving, Texas, 75039.

17.     At all relevant times mentioned herein, ONE had a Vessel Sharing Agreement (a "VSA", or commonly known as a "slot charter" agreement) with three entities: HL, HMM, and Yang Ming.

18.     Hereinafter, CHIDORI, JESSICA, NYK, ONE, HL, and HMM, collectively, are referred to as the "Carrier Defendants."

## FACTS

19.     DE WELL is a non-vessel operating common carrier that organizes Shipments on behalf of its customer businesses for the purpose of arranging for the transportation of those goods from one location to another location, including from Asia to the United States.

20.     DE WELL acts as an intermediary in the transportation of goods and contracts with vessel owning common carriers like HMM, ONE, or HL to physically move the goods upon the oceans and land-based transportation carriers for all other Shipments movements.

21.     DE WELL contracted with HMM, ONE, and HL, as VOCC and/or slot charterer, to arrange for the actual transport of the Shipments packed in the containers described in Schedules A, B, and C aboard the Vessel.

22.     HMM and HL contracted with ONE to physically transport the Shipments described in Schedules A, B, and C (the "Shipments") from their ports of loading to their scheduled ports of discharge.

23.     On or about the dates and the ports of Shipments stated in Schedules A, B, and C, each of the Shipments was tendered on board the M/V ONE APUS.

24.     On or about November 30, 2020, during the voyage across the Pacific Ocean towards the United States of America, the Vessel rolled and the Shipments and containers described in Schedules A, B, and C went overboard or were otherwise damaged.

## FIRST CAUSE OF ACTION
### (Indemnification and/or Contribution)

25.     DE WELL reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 24, inclusive, with the same force and effect as if fully set forth herein.

26.     On or about the dates stated in Schedules A, B, and C, DE WELL entered into one or more contracts with the Carrier Defendants pursuant to which the Carrier Defendants would properly and carefully load, stow, secure, and transport the Shipments from the ports of loading to the ports of discharge.  In addition, the Carrier Defendants were to ensure that any carrier utilized on the DE WELL Shipments was reputable and carried the requisite licensure and insurance.

27.     DE WELL's bill of ladings and service agreements with the Carrier Defendants constituted a valid and binding contract under the law.

28.     If it is determined that DE WELL's customer's Shipments were damaged and/or lost, which is denied, as and for DE WELL's opposition to its customers claims only, and it is determined that DE WELL is responsible for said losses and/or damages as NVOCC, these said losses and/or damages were due to the wrongful acts or omissions, including breach of contract, breach of express or implied warranty, etc., or other misconduct of one or more of the Carrier Defendants acting as VOCC and/or otherwise.

29.     The alleged damage to or loss of the Shipments was not caused or contributed to by any act, omission, fault, or neglect on the part of DE WELL, or its customers, its agents, servants, or employees or by that of its customer.

30.     By reason of the alleged damage to or loss of the Shipments, DE WELL and its customers have suffered damages and exposure to claims, including damage to or loss of Shipments.

E599

31.     If it is determined that DE WELL is responsible for the alleged damage or loss of its customers Shipments and/or any other losses of any nature whatsoever, then, all of DE WELL' damages and losses as aforesaid are directly attributable to and caused by the aforesaid wrongful acts and omissions or other misconduct of the Carrier Defendants and/or its agents acting on its behalf, including as NVOCC, without any fault of DE WELL or its agents contributing thereto; and therefore, the Carrier Defendants should be held jointly and severally liable to DE WELL for all liability, losses, and damages arising therefrom, including legal fees and disbursements incurred in defense of all claims.

32.     In the event that DE WELL is nevertheless held liable to any party to this action, or to any other party to any other proceeding in the United States or abroad arising out of or relating to the damage to the Shipments, said liability being expressly denied by DE WELL, then such liability derives in whole, or in part, from the aforesaid wrongful acts or omissions or other misconduct of the Carrier Defendants, or its officers, agents, servants, and employees and, therefore, DE WELL should be granted full recovery over and against, and be indemnified by, or secure contribution from the Carrier Defendants for all sums so recovered against DE WELL, including attorneys' fees, expenses, interest, and costs.

### SECOND CAUSE OF ACTION
**(Breach of Contract and of Duties under COGSA, 46 U.S.C. §30701)**

33.     DE WELL reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 33, inclusive, with the same force and effect as if fully set forth herein.

34.     The Carrier Defendants' duties included those of a vessel operating common carrier in accordance with the COGSA §4(5), Ch. 229, 49 Stat. 1207 (1936), reprinted in note following 46 U.S.C. § 30701.

35.     In consideration for specified fees and charges, the Carrier Defendants, who were aware of the nature of the Shipments, contracted to carry the Shipments from the place of receipt at the ports of loading to the place of delivery at the ports of discharge as stated in Schedules A, B, and C, and to provide other transportation-related services including, but not limited to the receipt, loading, stowage, and containerization of the Shipments.

36.     The Shipments were in good order and condition when it was tendered to the Carrier Defendants or entities acting on its behalf, at the ports of loading as stated in Schedules A, B, and C.

37.     As stated in Schedules A, B, and C, the Carrier Defendants, or entities acting on its behalf, loaded and stowed the Shipments at or near the place of receipt at the ports of loading and clean bills of lading were issued.

38.     At some time and location during the voyage across the Pacific Ocean to the United States, while the Shipments were aboard the Vessel, the Shipments were allegedly damaged and/or lost at sea.

39.     The alleged aforesaid damage was caused by the Carrier Defendants' breaches of contract and duties under COGSA and the general maritime law as well as the Carrier Defendants' negligent failure to properly load, stow, carry, protect, store, care for, and deliver the Shipments and the unseaworthiness of the carrying vessel and container.

40.     As a proximate result of the foregoing, DE WELL, and those on whose behalf it brings suit, has sustained damages in the approximate amount of $1,448,378.70, no part of which has been paid although duly demanded.

41.     Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

E599

## THIRD CAUSE OF ACTION
### (Breach of Warranties and Nondelegable Cargoworthiness Duties)

42.    DE WELL reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 41, inclusive, with the same force and effect as if fully set forth herein.

43.    The carrying vessel was at all material times an ocean-going containership with fixed cell guides and was designed to carry Shipments in truck-size intermodal containers, including those requiring electric power for temperature control which serve as extensions of the holds of the vessel.

44.    The Carrier Defendants' statutory duties, contractual obligations, and warranties under the general maritime law included the nondelegable duty to provide a seaworthy and cargoworthy ocean shipping container fit in every respect to carry the Shipments which the Carrier Defendants contracted to transport.

45.    The Carrier Defendants, or subcontractor entities acting on their behalf, were at all material times responsible for the maintenance, upkeep, loading, and stowage of the Container on board the Vessel while the Container was in their custody and control.

46.    The Carrier Defendants, or entities acting on their behalf, was also responsible for the pre-trip receipt, inspection, and preparation of the Container.

47.    If it is determined that the Shipments was damaged during carriage, the damage is a result of the Carrier Defendants' failure.

48.    The Carrier Defendants, or subcontractor entities acting on their behalf, were at all material times responsible for the maintenance, upkeep, loading, stowage, and operation of the Vessel while the Container was in their custody and control.

49.    The Carrier Defendants, or entities acting on their behalf, was also responsible for the pre-trip receipt, inspection, and preparation of the Vessel for the ocean voyage.

50.     If it is determined that the Shipments was damaged during carriage onboard the Vessel, the damage is a result of the Carrier Defendants' failure in making the Vessel seaworthy prior to the voyage.

51.     The alleged damage was caused in whole or in part by the mishandling by HMM, HL, or ONE, or entities acting on its behalf, during the subject multimodal transportation.

52.     Accordingly, the Carrier Defendants are liable to DE WELL as a result of the breaches of their or its nondelegable duties and breaches of warranties with respect to the Shipments and the Container.

53.     As proximate result of the foregoing, DE WELL, and those on whose behalf it sues, has sustained damages in the approximate amount of $1,448,378.70, no part of which has been paid although duly demanded.

## FOURTH CAUSE OF ACTION
### (General Negligence)

54.     DE WELL reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 53, inclusive, with the same force and effect as if fully set forth herein.

55.     The alleged damage to or loss of the Shipments was caused in whole, or in part, by the Carrier Defendants' failure to properly care for, communicate and carry out all relevant instructions concerning the transport of DE WELL's Shipments to the actual carriers of the Shipments.

56.     The alleged damage to the Shipments was due to the want of care, design, neglect, fault, privity, negligence, fault, lack of care, gross negligence, willful, wanton, and reckless misconduct of the Carrier Defendants.  Said conduct includes, but is not limited to, handling of the Shipments, which caused and/or contributed to the alleged damage to or loss of the Shipments and the resulting damage to DE WELL.

E599

57.     If it is determined that the Shipments was damaged or lost, the resulting losses, damages, and expenses aforesaid were directly caused or attributable to the aforesaid failures of the Carrier Defendants and, therefore, the Carrier Defendants should be held liable to all parties who have made claims against DE WELL in this litigation.

58.     As proximate result of the foregoing, DE WELL, and those on whose behalf it sues, has sustained damages in the approximate amount of $1,448,378.70, no part of which has been paid although duly demanded.

<u>**FIFTH CAUSE OF ACTION**</u>
**(Claim for Liability to Customers)**

59.     DE WELL reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 58, inclusive, with the same force and effect as if fully set forth herein.

60.     As stated in Schedules A, B, and C, the shippers, consignees, or owners of the Shipments shipped aboard the Vessel in their respective containers pursuant to the bills of lading.

61.     As stated in Schedules A, B, and C, DE WELL was the NVOCC of the goods shipped aboard the Vessel in their respective containers pursuant to the bills of lading.

62.     The Shipments was delivered by DE WELL's customers and DE WELL, as NVOCC, in actual good order and condition to HMM, HL, or ONE.

63.     At the time Carrier Defendants either made delivery of or should have made delivery of the Shipments to DE WELL's customers, the Shipments were either not delivered or damaged.

64.     As a result of Carrier Defendants' failure to redeliver DE WELL's customer's Shipments in the same good order and condition as received by them, said Carrier Defendants are liable to DE WELL's customers for their full losses in the approximate amount of $1,448,378.70.

E599

**WHEREFORE**, Plaintiff DE WELL prays that:

1.    Judgment be entered in favor of DE WELL as against the Carrier Defendants, jointly and severally, on these claims and dismissing all claims whatsoever against DE WELL;

2.    The Carrier Defendants are found to be liable for indemnity to DE WELL and for all such sums for which DE WELL may be found liable as a result of any claims, including attorneys' fees, interest, costs, and disbursements;

3.    Judgment be entered in favor of DE WELL as against the Carrier Defendants for contribution toward any losses or damages suffered by DE WELL as a result of any claims recovered against DE WELL, including legal fees and disbursements incurred in defense of claims;

4.    Judgment be entered in DE WELL's favor as against the Carrier Defendants in the approximate sum of $1,448,378.70, together for the loss of DE WELL's customers' Shipments, plus interest and costs; and

5.    Judgment be entered in favor of DE WELL for such other and further relief as this Court deems just and proper.

Dated:   November 24, 2021
         New York, New York

GIULIANO MCDONNELL & PERRONE, LLP
*Attorneys for Plaintiff*
*DE WELL FORWARDING INT'L, INC.*

Joseph J. Perrone, Esq.
Ari S. Gatoff, Esq.
5 Penn Plaza, 23rd Floor

E599

New York, New York 10001
Telephone:      (646) 328-0120
Facsimile:      (646) 328-0121
Email:          jperrone@gmplawfirm.com
Email:          agatoff@gmplawfirm.com

TO:     All Counsel of Record, via the Court's CM/ECF system.

E599

## SCHEDULE A

## HMM CO., LTD. f/k/a HYUNDAI MERCHANT MARINE CO., LTD.

Schedule A consists of DE WELL's claims on behalf of its customers against VOCC HMM CO., LTD. f/k/a HYUNDAI MERCHANT MARINE CO., LTD.

### Claim A1

| | |
|---|---|
| Shipper: | WONDERFUL EXPORT AND IMPORT CO LTD |
| Shipper Address: | Shangrao City, China |
| Customer: | FUTURE INTERNATIONAL TRADING COMPANY |
| Customer Address: | Rialto, California, USA |
| Consignee: | FUTURE INTERNATIONAL TRADING COMPANY |
| Consignee Address: | Rialto, California, USA |
| Description of Goods: | Home Furnishings |
| Container Status: | Overboard |
| Port of Loading: | Yantian, China |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $46,325.00 |
| VOCC Bill of Lading: | HDMUYNLB8522524 |
| De Well Bill of Lading: | SSNZS0016201 |
| Container No.: | HMMU6044979 |
| Bill of Lading Date: | 11/19/2020 |

### Claim A2

| | |
|---|---|
| Shipper: | SAN FA VN CO., LTD |
| Shipper Address: | Binh Duong, Vietnam |
| Customer: | COASTER CO. OF AMERICA |
| Customer Address: | Santa Fe Springs, California |
| Consignee: | COASTER CO. OF AMERICA |
| Consignee Address: | Santa Fe Springs, California |
| Description of Goods: | Wooden Furniture |
| Container Status: | Overboard |
| Port of Loading: | Vung Tau, Vietnam |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $38,169.00 |
| VOCC Bill of Lading: | HDMUHMLB0825287 |
| De Well Bill of Lading: | SSGNS0005147 |
| Container No.: | TCNU7652644 |
| Bill of Lading Date: | 12/12/2020 |

E599

**Claim A3**

| | |
|---|---|
| Shipper: | FANNWOOD CO., LTD |
| Shipper Address: | Tan Uyen Town, Binh Duong Province, Vietnam |
| Customer: | ASHTEAD HOLDINGS INC |
| Customer Address: | Moorpark, California, USA |
| Consignee: | ASHTEAD HOLDINGS INC |
| Consignee Address: | Moorpark, California, USA |
| Description of Goods: | Furniture |
| Container Status: | Overboard |
| Port of Loading: | Ho Chi Minh, Vietnam |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $57,859.00 |
| VOCC Bill of Lading: | HDMUHMCA0829936 |
| De Well Bill of Lading: | SSGNS0005223 |
| Container No.: | DFSU6803092; HMMU6327541 |
| Bill of Lading Date: | 12/12/2020 |

**Claim A4**

| | |
|---|---|
| Shipper: | WOODWORTH WOODEN INDUSTRIES (VIETNAM) CO.LTD |
| Shipper Address: | Ho Chi Minh, Vietnam |
| Customer: | ASHTEAD HOLDINGS INC |
| Customer Address: | Moorpark, California, USA |
| Consignee: | ASHTEAD HOLDINGS INC |
| Consignee Address: | Moorpark, California, USA |
| Description of Goods: | Furniture |
| Container Status: | Overboard |
| Port of Loading: | Ho Chi Minh, Vietnam |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $40,765.50 |
| VOCC Bill of Lading: | HDMUHMCA0830488 |
| De Well Bill of Lading: | SSGNS0005225 |
| Container No.: | HDMU6859593 |
| Bill of Lading Date: | 12/12/2020 |

E599

**Claim A5**

| Shipper: | WOODWORTH WOODEN INDUSTRIES (VIETNAM) CO.LTD |
|---|---|
| Shipper Address: | Ho Chi Minh, Vietnam |
| Customer: | ASHTEAD HOLDINGS INC |
| Customer Address: | Moorpark, California, USA |
| Consignee: | ASHTEAD HOLDINGS INC |
| Consignee Address: | Moorpark, California, USA |
| Description of Goods: | Furniture |
| Container Status: | Overboard |
| Port of Loading: | Ho Chi Minh, Vietnam |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $26,223.10 |
| VOCC Bill of Lading: | HDMUHMLB0832041 |
| De Well Bill of Lading: | SSGNS0005274 |
| Container No.: | DRYU9209186 |
| Bill of Lading Date: | 12/12/2020 |

**Claim A6**

| Shipper: | FANNWOOD CO., LTD |
|---|---|
| Shipper Address: | Tan Uyen Town, Binh Duong Province, Vietnam |
| Customer: | ASHTEAD HOLDINGS INC |
| Customer Address: | Moorpark, California, USA |
| Consignee: | ASHTEAD HOLDINGS INC |
| Consignee Address: | Moorpark, California, USA |
| Description of Goods: | Furniture |
| Container Status: | Overboard |
| Port of Loading: | Ho Chi Minh, Vietnam |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $199,839.40 |
| VOCC Bill of Lading: | HDMUHMLB0826336 |
| De Well Bill of Lading: | SSGNS0005158 |
| Container No.: | BSIU9197562; CLKU5009024; GAOU6340420; KOCU4698540; TCNU7238172; TLLU5778233 |
| Bill of Lading Date: | 12/12/2020 |

## Claim A7

| | |
|---|---|
| Shipper: | WOODWORTH WOODEN INDUSTRIES (VIETNAM) CO.LTD |
| Shipper Address: | Ho Chi Minh, Vietnam |
| Customer: | ASHTEAD HOLDINGS INC |
| Customer Address: | Moorpark, California, USA |
| Consignee: | ASHTEAD HOLDINGS INC |
| Consignee Address: | Moorpark, California, USA |
| Description of Goods: | Furniture |
| Container Status: | Overboard |
| Port of Loading: | Ho Chi Minh, Vietnam |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $66,769.20 |
| VOCC Bill of Lading: | HDMUHMLB0832144 |
| De Well Bill of Lading: | SSGNS0005275 |
| Container No.: | BMOU4146000; CAIU7403680 |
| Bill of Lading Date: | 12/12/2020 |

## Claim A8

| | |
|---|---|
| Shipper: | FOSHAN SHUNDE MIDEA ELECTRICAL HEATING APPLIANCES MANUFACTURING CO., LTD. |
| Shipper Address: | Guangdong, China |
| Customer: | FLEXPORT INTERNATIONAL LLC |
| Customer Address: | San Francisco, California, USA |
| Consignee: | MIDEA AMERICA CORP. |
| Consignee Address: | Parsippany, New Jersey, USA |
| Description of Goods: | Air Fryers |
| Container Status: | Overboard |
| Port of Loading: | Yantian, China |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $44,917.25 |
| VOCC Bill of Lading: | HDMUZSCI8540944 |
| De Well Bill of Lading: | SZSNS0002170 |
| Container No.: | HMMU6266512 |
| Bill of Lading Date: | 11/10/2020 |

## **Claim A9**

| | |
|---|---|
| Shipper: | WONDERFUL EXPORT AND IMPORT CO LTD |
| Shipper Address: | Shangrao City, China |
| Customer: | GREAT WAY TRADING & TRANSPORTATION, INC. |
| Customer Address: | Union City, California, USA |
| Consignee: | FUTURE INTERNATIONAL TRADING COMPANY |
| Consignee Address: | Rialto, California, USA |
| Description of Goods: | Home Furnishings |
| Container Status: | Overboard |
| Port of Loading: | Yantian, China |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $42,284.47 |
| VOCC Bill of Lading: | HDMUYNLB8522525 |
| De Well Bill of Lading: | SSNZS0017133 |
| Container No.: | GAOU6206324 |
| Bill of Lading Date: | 11/19/2020 |

## **Claim A10**

| | |
|---|---|
| Shipper: | SHENZHEN LAIHANGDA TRADING CO., LTD. |
| Shipper Address: | Shenzhen, China |
| Customer: | AMY LEE D/B/A GUARDIAN CUSTOMS |
| Customer Address: | San Pedro, California, USA |
| Consignee: | L&H INTERNATIONAL LOGISTICS CO LTD |
| Consignee Address: | Brighton, Colorado, USA |
| Description of Goods: | Party Supplies |
| Container Status: | Overboard |
| Port of Loading: | Yantian, China |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $48,763.59 |
| VOCC Bill of Lading: | HDMUYNLB8522423 |
| De Well Bill of Lading: | SSNZS0016245 |
| Container No.: | KOCU4252136 |
| Bill of Lading Date: | 11/19/2020 |

**Claim A11**

| | |
|---|---|
| Shipper: | TINSON SHENZHEN LOGISTICS CO. |
| Shipper Address: | Shenzhen, China |
| Customer: | TRANS STATE LOGISTICS INC. |
| Customer Address: | El Monte, California, USA |
| Consignee: | TRANS STATE LOGISTICS INC. |
| Consignee Address: | El Monte, California, USA |
| Description of Goods: | Kit, Caddie Bag, Mat |
| Container Status: | Overboard |
| Port of Loading: | Yantian, China |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $54,889.40 |
| VOCC Bill of Lading: | HDMUZSLB8540164 |
| De Well Bill of Lading: | SZSNS0002225 |
| Container No.: | GAOU6227250 |
| Bill of Lading Date: | 11/19/2020 |

**Claim A12**

| | |
|---|---|
| Shipper: | SHENZHEN YIKAIER ELECTRONICS CO., LTD |
| Shipper Address: | Shenzhen, China |
| Customer: | IPETS, INC |
| Customer Address: | Moreno Valley, California, USA |
| Consignee: | |
| Consignee Address: | |
| Description of Goods: | Pet Training Supplies |
| Container Status: | Overboard |
| Port of Loading: | Yantian, China |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $50,000.00 |
| VOCC Bill of Lading: | HDMU YNLB8542325 |
| De Well Bill of Lading: | SSNZS0017125 |
| Container No.: | TLLU2458811 |
| Bill of Lading Date: | 11/19/2020 |

E599

## Claim A13

| | |
|---|---|
| Shipper: | STANDBY HOUSEHOLD ARTICLES LIMITED |
| Shipper Address: | Mongkok, KL |
| Customer: | AZZURE HOME INC |
| Customer Address: | Fullerton, California, USA |
| Consignee: | AZZURE HOME INC |
| Consignee Address: | Fullerton, California, USA |
| Description of Goods: | Plastic Hangers |
| Container Status: | Partial Loss |
| Port of Loading: | Yantian, China |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $50,000.00 |
| VOCC Bill of Lading: | HDMUGJLB8536870 |
| De Well Bill of Lading: | SGGZS0001719 |
| Container No.: | HDMU6862175 |
| Bill of Lading Date: | 11/19/2020 |

## Claim A14

| | |
|---|---|
| Shipper: | STANDBY HOUSEHOLD ARTICLES LIMITED |
| Shipper Address: | Mongkok, KL |
| Customer: | AZZURE HOME INC |
| Customer Address: | Fullerton, California, USA |
| Consignee: | AZZURE HOME INC |
| Consignee Address: | Fullerton, California, USA |
| Description of Goods: | Plastic Hangers |
| Container Status: | Partial Loss |
| Port of Loading: | Yantian, China |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $50,000.00 |
| VOCC Bill of Lading: | HDMUGJLB8536870 |
| De Well Bill of Lading: | SGGZS0001719 |
| Container No.: | HMMU6039910 |
| Bill of Lading Date: | 11/19/2020 |

## Claim A15

| | |
|---|---|
| Shipper: | STANDBY HOUSEHOLD ARTICLES LIMITED |
| Shipper Address: | Mongkok, KL |
| Customer: | AZZURE HOME INC |
| Customer Address: | Fullerton, California, USA |
| Consignee: | AZZURE HOME INC |
| Consignee Address: | Fullerton, California, USA |
| Description of Goods: | Plastic Hangers |
| Container Status: | Partial Loss |
| Port of Loading: | Yantian, China |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $50,000.00 |
| VOCC Bill of Lading: | HDMUGJLB8536870 |
| De Well Bill of Lading: | SGGZS0001719 |
| Container No.: | KOCU4605423 |
| Bill of Lading Date: | 11/19/2020 |

## Claim A16

| | |
|---|---|
| Shipper: | DE-ER(HK)LIMITED |
| Shipper Address: | Kowloon, Hong Kong |
| Customer: | W.A.G(HK) LIMITED |
| Customer Address: | Wanchai HK |
| Consignee: | W.A.G(HK) LIMITED |
| Consignee Address: | Wanchai HK |
| Description of Goods: | Home Furnishings |
| Container Status: | Overboard |
| Port of Loading: | Yantian, China |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $65,550.59 |
| VOCC Bill of Lading: | HDMUYNLB8522571 |
| De Well Bill of Lading: | SSNZS0016981 |
| Container No.: | CAIU9977769 |
| Bill of Lading Date: | 11/18/2020 |

E599

## SCHEDULE B

## OCEAN NETWORK EXPRESS PTE LTD.

Schedule B consists of DE WELL's claims on behalf of its customers against VOCC OCEAN NETWORK EXPRESS PTE LTD.

### Claim B1

| | |
|---|---|
| Shipper: | HONGKONG FOXPORT TECHNOLOGY COMPANY LIMITED |
| Shipper Address: | Shatin, New Territories, Hong Kong |
| Customer: | OLA LOGISTICS / ECMMS |
| Customer Address: | El Paso, Texas, USA |
| Consignee: | OLA LOGISTICS / ECMMS |
| Consignee Address: | El Paso, Texas, USA |
| Description of Goods: | Lithium Ion Batteries |
| Container Status: | Overboard |
| Port of Loading: | Hong Kong, Hong Kong |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $91,728.00 |
| VOCC Bill of Lading: | ONEYSZPAL6040301 |
| De Well Bill of Lading: | SSNZS0016899 |
| Container No.: | CAIU9348940 |
| Bill of Lading Date: | 11/17/2020 |

### Claim B2

| | |
|---|---|
| Shipper: | KINGSTATE ELECTRONICS (DONGGUAN) CO. LTD. |
| Shipper Address: | Dong Guan City, China |
| Customer: | OLA LOGISTICS / ECMMS |
| Customer Address: | El Paso, Texas, USA |
| Consignee: | OLA LOGISTICS / ECMMS |
| Consignee Address: | El Paso, Texas, USA |
| Description of Goods: | Speaker Buzzer |
| Container Status: | Overboard |
| Port of Loading: | Hong Kong, Hong Kong |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $62,155.20 |
| VOCC Bill of Lading: | ONEYSZPAL6040301 |
| De Well Bill of Lading: | SSNZS0016898 |
| Container No.: | CAIU9348940 |
| Bill of Lading Date: | 11/17/2020 |

E599

**Claim B3**

| Shipper: | SHENZHEN SURE-POWER ELECTRICAL CO., LTD. |
|---|---|
| Shipper Address: | Shenzen Baoan District |
| Customer: | OLA LOGISTICS / ECMMS |
| Customer Address: | El Paso, Texas, USA |
| Consignee: | OLA LOGISTICS / ECMMS |
| Consignee Address: | El Paso, Texas, USA |
| Description of Goods: | AC Adapters |
| Container Status: | Overboard |
| Port of Loading: | Hong Kong, Hong Kong |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $54,620.00 |
| VOCC Bill of Lading: | ONEYSZPAL6040301 |
| De Well Bill of Lading: | SSNZS0016900 |
| Container No.: | CAIU9348940 |
| Bill of Lading Date: | 11/17/2020 |

**Claim B4**

| Shipper: | TPM CO. LTD |
|---|---|
| Shipper Address: | Kwun Tong KL, Hong Kong |
| Customer: | OLA LOGISTICS / ECMMS |
| Customer Address: | El Paso, Texas, USA |
| Consignee: | OLA LOGISTICS / ECMMS |
| Consignee Address: | El Paso, Texas, USA |
| Description of Goods: | Panels and Covers |
| Container Status: | Overboard |
| Port of Loading: | Hong Kong, Hong Kong |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $25,900.80 |
| VOCC Bill of Lading: | ONEYSZPAL6040301 |
| De Well Bill of Lading: | SSNZS0016902 |
| Container No.: | CAIU9348940 |
| Bill of Lading Date: | 11/17/2020 |

E599

**Claim B5**

| | |
|---|---|
| Shipper: | TPM CO. LTD |
| Shipper Address: | Kwun Tong KL, Hong Kong |
| Customer: | OLA LOGISTICS / ECMMS |
| Customer Address: | El Paso, Texas, USA |
| Consignee: | OLA LOGISTICS / ECMMS |
| Consignee Address: | El Paso, Texas, USA |
| Description of Goods: | Panels and Covers |
| Container Status: | Overboard |
| Port of Loading: | Hong Kong, Hong Kong |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $81,619.20 |
| VOCC Bill of Lading: | ONEYSZPAL6040302 |
| De Well Bill of Lading: | SSNZS0016903 |
| Container No.: | TCKU7929884 |
| Bill of Lading Date: | 11/17/2020 |

**Claim B6**

| | |
|---|---|
| Shipper: | HITACHI METALS (THAILAND) LTD. |
| Shipper Address: | Pathumwan, Bangkok |
| Customer: | HITACHI CABLE AMERICA INC. |
| Customer Address: | New Albany, Indiana, USA |
| Consignee: | HITACHI CABLE AMERICA INC. |
| Consignee Address: | New Albany, Indiana, USA |
| Description of Goods: | |
| Container Status: | Overboard |
| Port of Loading: | Laem Chabang, Thailand |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $100,000.00 |
| VOCC Bill of Lading: | ONEYBKKAN0769400 |
| De Well Bill of Lading: | SBKKS0001608 |
| Container No.: | TCLU5351876 |
| Bill of Lading Date: | |

## SCHEDULE C

Schedule C consists of DE WELL's claims on behalf of its customers against VOCC HAPAG-LLOYD AKTIENGESELLCHAFT.

### Claim C1

| | |
|---|---|
| Shipper: | HITACHI METALS (THAILAND) LTD. |
| Shipper Address: | Pathumwan, Bangkok |
| Customer: | HITACHI CABLE AMERICA INC. |
| Customer Address: | New Albany, Indiana, USA |
| Consignee: | HITACHI CABLE AMERICA INC. |
| Consignee Address: | New Albany, Indiana, USA |
| Description of Goods: | |
| Container Status: | Overboard |
| Port of Loading: | Laem Chabang, Thailand |
| Port of Discharge: | Long Beach, California, USA |
| Amount of Loss: | $100,000.00 |
| VOCC Bill of Lading: | HLCUBKK20146352 |
| De Well Bill of Lading: | SBKKS0001553 |
| Container No.: | TEMU6526148 |
| Bill of Lading Date: | |